# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFREDO VEGA,

          Plaintiff,

     -vs-                       Case No. 11-CV-1046

MICHAEL THURMER,
CAPTAIN JOHN O'DONOVAN,
DEPUTY WARDEN DON STRAHOTA,
GARY HAMBLIN, GARY ANKARLO,
JEFF GARBELMAN, DR. DEBORAH FISCHER, and
DR. RALPH FROELICH,

          Defendants.

## DECISION AND ORDER

The plaintiff, Alfredo Vega, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights while a prisoner at Waupun Correctional Institution. He was allowed to proceed on Eighth Amendment claims against the defendants that: (1) they were deliberately indifferent to his serious mental health needs; (2) that the conditions in segregation or administrative confinement exacerbated the plaintiff's mental health issues; and (3) they failed to implement adequate procedures to prevent suicide attempts in the segregation unit. The plaintiff has filed a number of motions that are now before the Court, including two motions to appoint counsel, three motions for temporary restraining orders seeking transfer to another institution, two motions for psychological evaluations, and a

motion for leave to file an amended complaint.[1] The Court has reviewed all of the plaintiff's motions as well as the voluminous exhibits provided by the plaintiff and will address each motion in turn.

## I. MOTIONS TO APPOINT COUNSEL

The plaintiff has filed two motions for appointment of counsel. He submits that he had the assistance of a "jailhouse lawyer" in preparing his complaint and that he has attempted to contact several lawyers about representing him in this case with no response. The plaintiff asserts that his case is complex, that he has extremely limited access to the law library, and that the law library has no typewriter. In his amended motion, the plaintiff contends that his imprisonment will greatly limit his ability to litigate, that a trial in this case will likely involve conflicting testimony, and that he has little educational experience and some psychological mental health problems.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the Court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at

---

[1] On April 23, 2012, the plaintiff filed a document that was docketed at number 32 as a motion for order. However, the title of the document is "Plaintiff's Second Request for Production of Documents, printout photos copies." This document is really just a set of requests for production directed to the defendants pursuant to Federal Rule of Civil Procedure 34. As such, this motion will be denied.

2

288. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. Nevertheless, the plaintiff's filings indicate that he is more than competent to litigate this case himself. He has shown aptitude at presenting his concerns to the court in great detail and responding to the defendants' arguments. Accordingly, the plaintiff's motion for appointment of counsel and amended motion for appointment of counsel will be denied. The plaintiff is cautioned to pay close attention to the rules served with any motion for summary judgment, especially with regard to proposed findings of fact and sworn declarations to create admissible evidence.

## II. MOTIONS FOR TEMPORARY RESTRAINING ORDERS

The plaintiff filed two motions for temporary restraining orders. He also filed a motion for an order to transfer him to the Wisconsin Resource Center or another maximum security prison such as Columbia Correctional Institution or Green Bay Correctional Institution. According to the plaintiff, the defendants named in his complaint have been antagonizing him on a daily basis and denying him psychological mental health treatment and certain types of privileges. He believes they are pushing the plaintiff to get angry and to

3

torment him.

In response to the plaintiff's motions, the defendants submit that the plaintiff cannot show a likelihood of success on the merits because he does not suffer from a serious mental illness and, even if he does, he will not be able to prove that the defendants were deliberately indifferent to it. They also argue that the plaintiff will not suffer irreparable harm if his motions are denied. They maintain that he is, in essence, holding himself hostage and that he is a manipulative inmate attempting to blackmail staff with threats to harm himself if his demands for transfer are not granted. Finally, the defendants contend that the harm to the defendants and to the public interest do not support the issuance of an injunction because an injunction would directly affect the ability of professionals in the prison to exercise judgment in providing mental health care. Additionally, prison staff have determined that the plaintiff needs to be held in administrative confinement, and the defendants argue that decision is not only presumptively valid, but eminently reasonable because the plaintiff is violent and dangerous.

On July 26, 2012, the Court received notice that the plaintiff has been transferred to the Wisconsin Resource Center for forty-five days. Generally, any claims for injunctive relief become moot when a prisoner is transferred to another institution. *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). However, because the plaintiff's transfer is only temporary, he will likely be subject again to the actions underlying his complaint and his claims for injunctive relief are not moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir.

4

2011).

The standards for a temporary restraining order and injunctive relief are identical. The plaintiff has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the plaintiff satisfies the initial three-step burden, the Court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The Court also must consider the effect of the injunction on nonparties. *Id.*

> A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. *Id.*; *see Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

*Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791 (7th Cir. 2008).

Additionally, the Prison Litigation Reform Act requires that grants of injunctive relief in cases filed by prisoners: (1) be "narrowly drawn"; (2) extend "no further

5

than necessary" to correct the constitutional violation; and (3) use the "least intrusive means" to correct the violation of the federal right. 18 U.S.C. § 3626; *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

Although the plaintiff's complaint was sworn, his motions are not. Therefore, they do not constitute admissible evidence in support of injunctive relief. In contrast, the defendants submitted affidavits supporting their arguments. These affidavits reveal that the plaintiff is on administrative confinement status and has been receiving periodic due process hearings regarding that status. He was removed from the general population after an incident in 2009 in which he stabbed another inmate, for which he was convicted in 2010 of second degree intentional homicide. As a result of that incident, as well as the plaintiff's conduct report during his current incarceration, prison officials have determined that the plaintiff is a danger to staff, inmates, and institutional integrity, and recommended that the plaintiff be placed on administrative confinement for an undetermined amount of time.

In January 2012, the plaintiff was evaluated by mental health professionals and diagnosed with antisocial personality disorder and high levels of psychopathy (the 94th percentile relative to a normative sample of male offenders). These diagnoses are therapy-inhibiting factors. Offenders with antisocial personality disorder and high levels of psychopathy generally have a poorer prognosis and response to treatment. Nevertheless, the plaintiff has been to the Wisconsin Resource Center at least seven times and, regardless of placement, has received consistent access to psychological and psychiatric care. The

6

plaintiff's own filings acknowledge that he has refused treatment at Waupun Correctional Institution because he believes mental health professionals and prison officials have not lived up to their end of bargains regarding the plaintiff's conduct and a possible transfer.

Prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, when dealing with prisoner cases, federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." *Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Federal courts should not to second-guess the decisions of prison authorities and should accord substantial deference to the professional judgment of prison administrators. *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). "The judiciary is ill equipped to deal with the difficult and delicate problems of prison management and . . . prison administrators are entitled to considerable deference." *Lewis v. Casey*, 518 U.S. 343, 387 n. 8 (1996).

For the purposes of these motions, the Court will assume that the plaintiff has a serious medical need. However, he has not shown a reasonable likelihood of success on the merits. Nor has he shown that he will suffer irreparable harm if injunctive relief is denied. The plaintiff has presented no evidence that he is in any immediate danger or that a transfer out of Waupun Correctional Institution is "the least intrusive means necessary to correct the harm." Because the plaintiff did not establish grounds for a preliminary

7

injunction and in light of the deference that must be afforded the professional judgment of prison administrators, the Court will not interfere with the placement of the plaintiff while this case is pending.

### III. MOTIONS FOR PSYCHOLOGICAL EVALUATIONS

In his motions for psychological evaluations, the plaintiff asks to be transferred to Mendota Mental Health Institute, Winnebago Mental Health Institute, or the Milwaukee County Mental Health Complex for a ninety-day psychological evaluation to include a portion of time on medication and a portion of time off medication. Like the motions for temporary restraining orders and the motion for order transferring plaintiff, these motions seek injunctive relief. They are governed by the same legal standard and will be denied for the same reasons stated above.

### IV. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Finally, plaintiff filed a motion to amend his complaint. While leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.*

8

at 182.

>    Additionally, the Civil Local Rules provide:
>
>    (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
>
>    (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.
>
>    (c) If the Court grants the motion to amend, the Clerk of Court must then file the amended pleading. For any party who has appeared in the action and was served with the proposed amended pleading, the time period to serve an answer or other responsive pleading begins when the Court grants the motion to amend. The time period for a party who has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.

Civil L.R. 15 (E.D. Wis.). The plaintiff seeks to add claims against two new defendants, Jeff Heise and Tim Reichenberger, but he includes his claims against those two proposed defendants in his motion. There is no proposed amended complaint attached to the motion that presents all of the plaintiff's claims against all of the defendants. Thus, the plaintiff has not complied with the requirements of Civ. L.R. 15, and the Court will deny his motion for leave to file an amended complaint.

Even if the plaintiff had complied with the requirements, his amendment would be futile. *See Foman* 371 U.S. at 182. Heise and Reichenberger both work at the Wisconsin

9

Resource Center. Reichenberger interviewed the plaintiff on November 4, 2011, and determined that the plaintiff would not be accepted at the Wisconsin Resource Center. Heise affirmed Reichenberger's decision. The plaintiff's claims against these individuals challenge their professional psychological opinions regarding the plaintiff's placement at the Wisconsin Resource Center. They did their jobs and were not deliberately indifferent to the plaintiff's serious mental health needs. The plaintiff just does not like the outcome. Disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

## V. ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for appointment of counsel (Docket #4) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket #8) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket #13) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #13) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #24) is **denied**.

10

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #32) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order transferring him out of Waupun Correctional Institution (Docket #34) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file an amended complaint (Docket #35) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's amended motion for psychological evaluation (Docket #38) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's amended motion to appoint counsel (Docket #39) is **denied without prejudice**.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2012.

                    **SO ORDERED,**

                    *[signature]*

                    **HON. RUDOLPH T. RANDA**
                    **U. S. District Judge**