# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ALFREDO VEGA,

        Plaintiff,

        -vs-                    Case No.   11-CV-1046

MICHAEL THURMER, CAPTAIN JOHN O'DONOVAN,
DEPUTY WARDEN DON STRAHOTA, GARY HAMBLIN,
GARY ANKARLO, JEFF GARBELMAN,
DR. DEBORAH FISCHER, and DR. RALPH FROELICH,

        Defendants.

# DECISION AND ORDER

Now before the Court are two requests by the plaintiff.

On September 4, 2012, the plaintiff filed a document that references Federal Rule of Civil Procedure 30(a) and is entitled, "Request for Discovery." Rule 30 governs depositions by oral examination and is inapplicable to these written requests. Instead, this appears to be the plaintiff's attempt to seek written discovery from the defendants, but it does not follow the procedures set forth in Federal Rules of Civil Procedure 33 through 36. For example, the plaintiff requests that documents be forwarded to him within fourteen days and simply asks for all documents submitted to the Court by both parties.

The plaintiff filed a second document, "Request for Documents from the Court," less than a week later, on September 10, 2012. With the second request, the plaintiff

attached the response he received from the defendants' counsel in which the defendants refuse to provide the plaintiff with the materials he sought. As a result, in this second request, the plaintiff wants the Court to provide the plaintiff with copies of all documents submitted to the Court by both parties pertaining to this case. The plaintiff submitted the letter from the defendants' counsel to show that he attempted to get the documents from the defendants first. He argues that he submitted originals to the Court and failed to make copies because he was unable to afford the copies and postage.

Both of the plaintiff's requests will be denied. The plaintiff should have copies of all documents that are part of the record. In an Order entered January 3, 2012, the plaintiff was instructed to keep a copy of each document he filed with the Court. He also has been served with copies of all documents the defendants have filed. If the plaintiff has not retained his copies of the documents in the court record, he must pay for copies of those documents. Such requests and payment should be addressed to the Clerk of Court.

To the extent that the plaintiff's second request was meant to be a motion to compel, it fails under Federal Rule of Civil Procedure 37 and Civil Local Rule 37.

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

2

Civil Local Rule 37 (E.D. Wis.). When a party's incarcerated status prevents him from holding a conference with opposing counsel, the parties may confer by letter. However, the plaintiff filed his second request the day after he received the defendants' letter response to his first request. The plaintiff made no attempt to confer with the defendants' counsel after the denial of his initial request.

In his second request, the plaintiff mentions that he will need the documents to prepare for a hearing on December 21, 2012. However, there is no hearing on that date. It is the deadline for filing motions for summary judgment. Generally, the defendants filed motions for summary judgment, and the plaintiff responds. Along with any motion for summary judgment, the defendants must serve a *pro se* plaintiff with copies of the relevant Federal Rules of Civil Procedure and Civil Local Rules. Those rules will contain instructions for how and when the plaintiff must respond to the motion.

**IT IS THEREFORE ORDERED** that the plaintiff's request for discovery (Docket #46) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's request for copies of all documents without prepayment (Docket #47) is **denied**.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2012.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

3